IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Willie James Booker (#B-61837), ) | |
| ) | |
| Plaintiff, ) | Case No. 3:15 CV 50052 |
| ) | |
| v. ) | |
| ) | |
| Margie O'Conner, et al., ) | Judge Philip G. Reinhard |
| ) | |
| Defendants. ) | |

## ORDER

The plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The court waives the initial partial filing fee and orders the trust fund officer at the plaintiff's place of incarceration to continue making monthly deductions in accordance with this order. However, the complaint [1] is summarily dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a claim. The case is terminated. [1]. The clerk is directed to mail a copy of this order to the trust fund officer at the Menard Correctional Center. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

## STATEMENT

The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that his 1994 conviction for aggravated criminal sexual assault is invalid due to infirmities in the Illinois Constitution, and that defendants, Winnebago County Assistant State's Attorney Margie O'Conner, Judge Ronald L. Pirrello, and Governor Bruce Rauner, should have taken steps to prevent or invalidate his conviction. Currently, plaintiff is incarcerated due to a 2003 conviction for first degree murder and aggravated battery with a firearm, for which he is serving consecutive terms of imprisonment of 36 years and 22 years, respectively. He is no longer in custody or on parole with regard to the 1994 aggravated criminal sexual assault conviction he challenges here.

The court finds that the plaintiff is unable to prepay the filing fee. Based on the trust fund officer's certification that the plaintiff has a trust fund balance of -$334.17, the court waives the initial filing fee pursuant to 28 U.S.C. § 1915(b)(4). Moving forward, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by the plaintiff. All payments shall be sent to the Clerk, United States District

Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number.

However, under 28 U.S.C. § 1915A, the court is required to dismiss a suit brought by a prisoner at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state a claim as a matter of law.

While the four-count complaint is not a model of pleading, as best as the court can determine the plaintiff challenges his 1994 sexual assault conviction due to various infirmities in the Illinois Constitution. Without addressing the merits of plaintiff's individual claims, each contains a fundamental flaw in that the plaintiff asks this court for injunctive relief that would have the effect of invalidating his conviction. Such relief would require this court to review the state-court judgment in his case, and would run afoul of the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482–83 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923). Under *Rooker-Feldman*, the lower federal courts lack jurisdiction to review state court judgments, except in certain limited circumstances, including when a petitioner seeks habeas relief pursuant to 28 U.S.C. § 2254. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (claims for injunctive relief challenging a state conviction "fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983 "); *Sides v. City of Champaign*, 496 F.3d 820, (7th Cir. 2007) ("We are not authorized to afford relief 'where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court.'"); *Hadley v. Quinn*, 524 Fed. App'x 290, 293 (7th Cir. 2013) (holding that plaintiff's claim that he had been incarcerated on an invalid conviction was barred by *Rooker-Feldman* where the plaintiff was no longer in custody on his conviction and could not seek habeas relief). Moreover, § 2254 relief is unavailable to plaintiff both because he is no longer in custody on his sexual assault conviction, *see id.*, and because "[a] court cannot on its own convert a § 1983 suit to one under § 2254[.]" *Lacy v. Indiana*, 564 Fed. Appx. 844, 845 (7th Cir. May 7, 2014); *see also Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996). Thus, the court has no jurisdiction to grant the relief plaintiff seeks and his claims fail as a matter of law.[1]

---

[1]The court also notes that the complaint explicitly names Judge Pirrello, O'Connor, and Governor Rauner only in their official capacities. Because plaintiff's allegations cannot be construed as "an ongoing violation of federal law and seek[ing] relief properly characterized as prospective," the claims must fail on this basis as well. *See Council 31 of the American Federation of State, County and Municipal Employees, AFL-CIO v. Quinn*, 680 F.3d 875, 882 (7th Cir. 2012). To the extent the complaint can be construed to confer personal liability, the court notes that Judge Pirrello is immune from a § 1983 suit for actions taken while he presided over the plaintiff's criminal case. *Brokaw v. Mercer County*, 235 F.3d 1000, 1015 (7th Cir. 2000). Similar immunity applies to prosecutors, like O'Conner, for actions undertaken in initiating a prosecution or presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409 (1976).

For the foregoing reasons, this suit [1] is dismissed for failure to state a claim upon which relief may be granted. The plaintiff is warned that after *Booker v. City of Rockford*, No. 03 C 50066 (N.D. Ill.), and *Booker v. Mitchell*, 10-cv-312-DRH (S.D. Ill.), this is his third case in which the complaint has been dismissed as frivolous, malicious, or failing to state a claim. The plaintiff is warned that in the future, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."

Date: 3/26/2015                  ENTER:

*Philip G. Reinhard*
United States District Court Judge

Docketing to Mail Notices. (SP)